**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4585**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROGER PLUMLEY,

Defendant - Appellant.

---

**No. 06-4741**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY PLUMLEY,

Defendant - Appellant.

---

Appeals from the United States District Court for the Southern District of West Virginia, at Beckley. Thomas E. Johnston, District Judge. (5:05-cr-00224-2; 5:05-cr-00224-1)

---

Submitted: February 22, 2007          Decided: February 28, 2007

---

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia; Richard M. Gunnoe, Hinton, West Virginia, for Appellants. zCharles T. Miller, United States Attorney, Miller A. Bushong III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Roger Plumley (Roger) and Rodney Plumley (Rodney) each pled guilty to conspiracy to distribute fifty grams or more of cocaine base (crack), a quantity of cocaine, and hydrocodone in violation of 21 U.S.C. § 846 (2000). The district court sentenced Roger to 190 months imprisonment and Rodney to 193 months imprisonment. Both received five years supervised release and a $2000 fine. Rodney contends on appeal that the district court erred in determining the drug quantity for which he was accountable. Both appellants argue that the court erred in finding that they had more than minor or minimal roles in the conspiracy. We review these factual issues for clear error, United States v. Tucker, 473 F.3d 556, 560 (4th Cir. 2007), and affirm.

In 2004 and 2005, the Plumley brothers permitted two separate groups of crack suppliers, one from New York and one from Ohio, to use their residences in West Virginia as a place to sell crack. In exchange, they received crack for their own use. Rodney also sold crack he obtained from the Ohio distributors several times. In April 2005, acting on a tip from a confidential informant, state police stopped one of two vehicles traveling together from Ohio to the Plumleys' home, and seized 187.5 grams of crack from the vehicle. Shortly afterward, a search warrant was executed at the Plumleys' home, where Rodney and the driver of the second vehicle were found with 78 grams of crack. Rodney

challenges the district court's determination that he was responsible for the crack seized from the vehicle that was stopped by the police. We conclude that the district court did not clearly err in finding that the crack seized from the vehicle was reasonably foreseeable to Rodney, U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B), (2) (2005), and attributable to him as relevant conduct.

We further conclude that the district court's determination that neither Roger nor Rodney had a mitigating role in the conspiracy was not clearly erroneous. United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (inquiry is whether defendant's conduct is material or essential to commission of offense).

We therefore affirm the sentences imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED